IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ROBERTO VASQUEZ, | No. 2:16-CV-0941-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

      Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 18) and defendant's cross-motion for summary judgment (Doc. 25).

/ / /

/ / /

/ / /

## I. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## II. DISCUSSION

Plaintiff argues that the Administrative Law Judge ("ALJ") failed to provide sufficient reasons for rejecting his testimony as not credible. The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific,

cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the

| 1 | claimant cooperated during physical examinations or provided conflicting statements concerning
| 2 | drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the
| 3 | claimant testifies as to symptoms greater than would normally be produced by a given
| 4 | impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See
| 5 | Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).
| 6 |       Regarding reliance on a claimant's daily activities to find testimony of disabling
| 7 | pain not credible, the Social Security Act does not require that disability claimants be utterly
| 8 | incapacitated.  See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989).  The Ninth Circuit has
| 9 | repeatedly held that the  ". . . mere fact that a plaintiff has carried out certain daily activities . . .
| 10 | does not . . .[necessarily] detract from her credibility as to her overall disability."  See Orn v.
| 11 | Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th
| 12 | Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a
| 13 | claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic
| 14 | restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the
| 15 | claimant was entitled to benefits based on constant leg and back pain despite the claimant's
| 16 | ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home
| 17 | activities are not easily transferable to what may be the more grueling environment of the
| 18 | workplace, where it might be impossible to periodically rest or take medication").  Daily
| 19 | activities must be such that they show that the claimant is ". . .able to spend a substantial part of
| 20 | his day engaged in pursuits involving the performance of physical functions that are transferable
| 21 | to a work setting."  Fair, 885 F.2d at 603.  The ALJ must make specific findings in this regard
| 22 | before relying on daily activities to find a claimant's pain testimony not credible.  See Burch v.
| 23 | Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).
| 24 | / / /
| 25 | / / /
| 26 | / / /

As to plaintiff's credibility, the ALJ stated:

> The claimant testified that he last worked in 2009 as a production supervisor. He stated he stopped working because it was taking a toll on his body and he was moving to California. He indicated he had not looked for work since. The claimant alleged he was unable to work because of a herniated disc in his neck, low back pain, anxiety, and depression. He indicated he was able to sit for 15 minutes, stand and walk for 20 minutes, and lift a gallon of milk. He stated his wife took care of the house and the children. The claimant reported neck surgery was recommended, but that he had not had it done. Regarding his mental health, the claimant reported feeling anxiety, overwhelmed, and frustration. He stated he had confrontations with his wife and children. He indicated he isolated himself. The claimant testified he lived with his wife and two children, aged seven and 14 years old. He acknowledged he was able to take care of personal needs unassisted. In a typical day, the claimant reported he sat and watched television, and sat on a bench outside. He stated that although he did not drive, he maintained a valid driver license.
>
> The undersigned finds the claimant's allegations concerning the intensity, persistence, and limiting effects of his symptoms are less than fully credible. The allegations of severe physical and mental symptoms are inconsistent with the objective medical evidence and admitted activities, which indicates an attempt by the claimant to exaggerate the severity of his symptoms. . . .

The ALJ remarked that plaintiff "has described a rather normal level of everyday activities despite his alleged limitations," the ALJ noted:

> . . .Additionally, the record showed two doctors recommended surgery and a spinal shot was offered for pain relief. However, the claimant testified he did not have surgery and declined the spinal shot. The record showed the claimant preferred conservative treatment of medications, lying down, and physical therapy. . . .

Plaintiff argues that the ALJ failed to articulate sufficient reasons to find his testimony not credible. The court does not agree. As stated above, the ALJ may consider the failure to follow a recommended course of treatment. The ALJ properly did so in this case by noting plaintiff's failure to follow recommendations for surgery as well as plaintiff's failure to obtain an injection for pain.

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

      1.    Plaintiff's motion for summary judgment (Doc. 18) is denied;

      2.    Defendant's cross-motion for summary judgment (Doc. 25) is granted; and

      3.    The Clerk of the Court is directed to enter judgment and close this file.

DATED:  September 19, 2017

                                                          **CRAIG M. KELLISON**
                                                          UNITED STATES MAGISTRATE JUDGE